O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUN - 7 2010

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MENA, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 09-1750 RNB <br><br> ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

With respect to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 6-8), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged error in failing to address the consultative

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

examiner's opinion about overhead lifting and carrying. The Court concurs with the Commissioner that the ALJ's error was harmless because the first hypothetical posited to the vocational expert (see AR 354-55) comported with the consultative examiner's opinion (see AR 133) and the ALJ's vocational determination comported with the vocational expert's response to that hypothetical (see AR 323, 355-56). Put another way, the ALJ's failure to expressly incorporate Dr. Meltzer's opinion about plaintiff's overhead lifting and carrying limitation into the ALJ's assessment of plaintiff's residual functional capacity ("RFC") was inconsequential to the ALJ's ultimate determination that plaintiff was not disabled. See Stout v. Commissioner of Social Security, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless where such error is inconsequential to the ultimate non-disability determination); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

With respect to Disputed Issue No. 2, the question presented is whether, contrary to the vocational expert's express representation that his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), there were apparent conflicts between the vocational expert's testimony and the DOT that triggered an obligation on the ALJ's part to obtain a reasonable explanation for the apparent conflicts before relying on the vocational expert's opinion. See Social Security Ruling[2] ("SSR") 00-4p, 2000 WL 1898704, at *4 (if the vocational expert's testimony **appears** to conflict with the DOT, the ALJ must "obtain a reasonable explanation for the apparent conflict"). Here, the Court concurs with plaintiff that there were three apparent conflicts between the vocational expert's testimony and the DOT. (See Jt

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

Stip at 12-13.) To the extent that the Commissioner appears to be shifting the blame for the ALJ's error in not seeking an explanation for these apparent conflicts to plaintiff's counsel, the Court notes that the ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Moreover, as plaintiff points out, SSR 00-4p imposes on the ALJ the obligation to obtain a reasonable explanation for any apparent conflicts. In the Court's view, the Commissioner's "reasons" for why the job descriptions in the DOT are not inconsistent with plaintiff's RFC (see Jt Stip at 15) are merely indicative of the reasons the ALJ might have obtained from the vocational expert if the ALJ had complied with his obligation to seek an explanation for the apparent conflicts. For the foregoing reasons, as well as the other reasons stated by plaintiff in reply to the Commissioner's contentions (see Jt Stip at 17-20), the Court finds and concludes that reversal is warranted based on the ALJ's failure to make a proper vocational determination.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

This is not an instance where no useful purpose would be served by further administrative proceedings or where the record has been fully developed. Rather, this is an instance where additional administrative proceedings could remedy the defects in the ALJ's decision.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: June 4, 2010

     /s/ Robert N. Block
     _____
     ROBERT N. BLOCK
     UNITED STATES MAGISTRATE JUDGE